IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOSE R. ALLEN, *pro se*,              ) <br>           ) <br>     **Plaintiff,**         ) <br>           ) <br>     **v.**              ) <br>           ) <br> **GOVERNMENT OF THE VIRGIN ISLANDS and**  ) <br> **DWAYNE RICHARDS, in his official capacity as** ) <br> **Director of Human Resources for the Virgin**  ) <br> **Islands Police Department,**    ) <br>           ) <br>     **Defendants.**        ) <br>           ) | **Case No. 3:25-cv-0040** |

## <u>ORDER</u>

**THIS MATTER** came before the Court on March 18, 2026, for evidentiary hearing upon Plaintiff Jose R. Allen's motion for preliminary injunction. *See* ECF No. 5, filed on October 7, 2025. For the reasons stated on the record in open court, the Court finds that Plaintiff is not entitled to injunctive relief. The Court issues this Order to memorialize its ruling from the bench.

In order to obtain a preliminary injunction, Plaintiff must demonstrate that: (1) he is likely to succeed on the merits of his claim; (2) he will suffer irreparable harm without preliminary relief; (3) the balance of equities favors an injunction; and (4) an injunction is in the public interest. *Veterans Guardian VA Claim Consulting LLC v. Platkin*, 133 F.4th 213, 218 (3d Cir. 2025).

After identifying Plaintiff's claims, as the Court understands them,[1] and inquiring as to the basis for Plaintiff's motion, Plaintiff indicated that he was proceeding under his claim for a violation of 3 V.I.C. § 584a. To maintain a Section 584a claim, Plaintiff, upon recommendation of the Police Commissioner, must be certified by a duly licensed physician designated by the Police Commissioner as physically or mentally incapacitated. 3 V.I.C. § 584a(d)(1). Plaintiff admitted that the Police Commissioner never recommended that he

---

[1] It appears that Plaintiff's complaint seeks to allege causes of action for violations of: (1) the Americans with Disabilities Act (ADA); (2) Family Medical Leave Act (FMLA), (3) 42 U.S.C. § 1983 (Due Process); and (4) 3 V.I.C. § 584a(d) (Duty Connected Disability).

*Allen v. Government of the V.I. et al.*
Case No. 3:25-cv-0040
Order
Page 2 of 2

receive duty-connected disability benefits, nor has a physician determined him to be physically or mentally incapacitated from performing his duties as a police officer. Based upon those facts, the Court finds that Plaintiff is not likely to prevail on the merits of his claim under Section 584a. Further, Plaintiff fails to demonstrate irreparable harm because he is seeking monetary relief. Consequently, the Court will deny Plaintiff's motion.

In addition, having heard the arguments of the parties and pointing out multiple deficiencies in the complaint, the Court will allow Plaintiff the opportunity to amend his complaint. Accordingly, it is hereby

**ORDERED** that Plaintiff Jose R. Allen's Motion for Preliminary Injunction, ECF No. 5, is **DENIED**; it is further

**ORDERED** that Plaintiff shall file, by no later than **April 17, 2026**,[2] an amended complaint; such amended pleading shall conform with the requirements set forth in LRCi 15.1(a); it is further

**ORDERED** that, in the event Plaintiff fails to file an amended complaint as directed, the Court **SHALL** dismiss the above-captioned matter without further notice to Plaintiff; and it is finally

**ORDERED** that the Clerk's Office shall serve a copy of this Order to Plaintiff via certified mail and shall docket the return receipt in the record of this case.

**Dated**: April 7, 2026

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

---

[2] At the hearing held on March 18, 2026, the Court granted Plaintiff until April 8, 2026, to file an amended complaint. The Court will extend the deadline as indicated in this Order.